IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                           CRIMINAL NO. 3:14cr78 TSL-FKB

WILLIAM DAVID DICKSON,
a/k/a Butch Dickson

## AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to a separate Plea Agreement and Plea Supplement between **WILLIAM DAVID DICKSON**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **WILLIAM DAVID DICKSON** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The defendant agrees that a **$9,095,000.00 money judgment, to be reduced by the net proceeds obtained by the United States as a result of the liquidation of the Costa Rican condo, the value of all loans purchased in Costa Roca and/or Panama with the corpus of the $9,095,000 referenced above that are turned over to the custody and control to the Bankruptcy Trustee, and the total amount of money repatriated to the custody of the Bankruptcy Trustee as of the date of the defendant's sentencing,** constitutes or was derived from proceeds that the defendant obtained, directly or

indirectly, as a result of the offense charged in Counts 5 and 20 of the Indictment. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

3. The defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and Section 982, Title 18, United States Code, require the Court to order the forfeiture of the **$9,095,000.00 money judgment, to be reduced by the net proceeds obtained by the United States as a result of the liquidation of the Costa Rican condo, the value of all loans purchased in Costa Roca and/or Panama with the corpus of the $9,095,000 referenced above that are turned over to the custody and control to the Bankruptcy Trustee, and the total amount of money repatriated to the custody of the Bankruptcy Trustee as of the date of the defendant's sentencing** at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and his attorney further agree that the Court should enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said Judgment in a Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the defendant shall forfeit to the United States,

**a $9,095,000.00 money judgment, to be reduced by the net proceeds obtained by the United States as a result of the liquidation of the Costa Rican condo, the value of all loans purchased in Costa Roca and/or Panama with the**

    **corpus of the $9,095,000 referenced above that are turned over to the custody and control to the Bankruptcy Trustee, and the total amount of money repatriated to the custody of the Bankruptcy Trustee as of the date of the defendant's sentencing.**

b.  The Court has determined, based on the defendant's Plea Agreement and Plea Supplement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, that the defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offense:

    **a $9,095,000.00 money judgment, to be reduced by the net proceeds obtained by the United States as a result of the liquidation of the Costa Rican condo, the value of all loans purchased in Costa Roca and/or Panama with the corpus of the $9,095,000 referenced above that are turned over to the custody and control to the Bankruptcy Trustee, and the total amount of money repatriated to the custody of the Bankruptcy Trustee as of the date of the defendant's sentencing.**

c.  The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d.  That any ancillary hearing is hereby dispensed with as the forfeiture provides for a money judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Agreed Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made

part of the sentence and included in the document entitled, "Judgment in a Criminal Case", and that this order, or an abstract thereof, shall be enrolled in all appropriate Judgment Rolls.

The Court shall retain jurisdiction to enforce this Order pursuant to Fed. R. Crim. P. 32.2(e), and to amend it as necessary to substitute property to satisfy the money judgment in whole or in part.

SO ORDERED AND ADJUDGED this, the 10th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
J. Scott Gilbert
Assistant United States Attorney

_____
William David Dickson
Defendant

_____
Joe Hollomon
Attorney for Defendant